United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHAMPION DANIEL MUTHLE,

    Plaintiff,

  v.

SAP.IO, SAP GLOBAL, SAP NORTH AMERICA, ATLAS.IO, RYAN VAN DYK, and JUN MENG,

    Defendants.

No. C 19-06124 WHA

**ORDER CONVERTING MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT AND VACATING HEARING**

## INTRODUCTION

In this misappropriation of trade secrets action, defendants move to dismiss *pro se* plaintiff's complaint. For the reasons set forth below, this order converts the motion to dismiss into a motion for summary judgment and will require expedited discovery.

## STATEMENT

Pro se plaintiff Champion Daniel Muthle (otherwise known as Daniel Maree) founded and owns Adheat, Incorporated. Adheat developed a proprietary and confidential geospatial analytics technology platform. In April 2017, defendants Ryan Van Dyk and Jun Meng, representing SAP.io Fund, L.P. (erroneously referred to as SAP.io) had a conference call with plaintiff to discuss a possible investment in Adheat. Plaintiff then submitted a pitch deck detailing Adheat's technology to defendants. A few months after the call with SAP, plaintiff alleged in his complaint that "a virtually identical, mirror-image platform was released into the

marketplace by Atlas.io" which is "clearly based on Adheat's MVP schematics, business model, and cross industry (horizontal SaaS) approach" (First Amd. Compl. ¶¶ 4–7). Nearly a year later, both parties signed a settlement and release agreement. In the agreement, plaintiff agreed to "irrevocably and forever settle, release, and absolutely discharge SAP and its current affiliates and related entities from any and all claims that could have been brought, whether known or unknown" (Dkt. No. 12 at 2–3).

In June 2019, however, plaintiff commenced this action against defendants Sap.io, SAP Global, SAP North America, Atlas.io, Ryan Van Dyk, and Jun Meng in the Superior Court of California for the County of Santa Clara (Dkt. No. 12 at 2). Plaintiff's complaint alleges that defendants misappropriated "confidential, proprietary, and trade secret information" (First Amd. Compl. ¶ 14). Plaintiff brings seven claims against defendants: (1) violation of Defend Trade Secrets Act; (2) violation of California Uniform Trade Secrets Act; (3) patent infringement; (4) violation of California Business and Professional Code Section 17200; (5) intentional interference with advantageous economic relationships; (6) intentional infliction of emotional distress; (7) breach of contract (*id.* ¶¶ 16–22).

In September 2019, defendants removed the lawsuit to the United States District Court for the Northern District of California (Dkt. No. 1). SAP, as the only named and served defendant, consented to the removal (*ibid.*). Plaintiff opposes (Dkt. No. 15). The following month, plaintiff filed a motion in limine asking the court to dismiss the agreement (Dkt. No. 20). Defendants now move to dismiss the claims pursuant to 12(b)(6) (Dkt. No. 12).

**ANALYSIS**

Defendants should know better than to append supplementary documents to their motion to dismiss. Defendants request judicial notice of the settlement and release agreement (Dkt. No. 12 at 5). Plaintiff's complaint, however, contains no reference to the agreement. It is improper to take judicial notice of the document in a motion to dismiss under Rule 12(b)(6). Rather, it is appropriate for this Court to consider documents outside the complaint in a motion for summary judgment.

Because the motion to dismiss turns upon facts outside the corners of the complaint, Rule 12(d) provides that the motion should be converted to a motion for summary judgment. Therefore, this motion will be treated as a motion for summary judgment. Under Rule 56(d), this order will give plaintiff the opportunity to take discovery from defendants, if plaintiff so wishes, to test the impacts of the agreement. In addition, plaintiff may submit his own declaration under oath to contest the validity of the settlement agreement, subject to being deposed by defendants. Both sides are expected to participate in the expedited discovery.

**CONCLUSION**

Defendants' request for judicial notice is **DENIED**. Because defendants' motion to dismiss relies on evidence outside the pleadings, pursuant to Rule 12(d), the motion is converted into summary judgment under Rule 56. Expedited discovery is ordered. Plaintiff's opposition will be due on **DECEMBER 2, 2019**. Defendants' reply will be due within **SEVEN CALENDAR DAYS** thereafter. The hearing scheduled for November 7th is **VACATED**.

Plaintiff, who is proceeding *pro se*, is advised that helpful information is available online at http://cand.uscourts.gov/proselitigants and also in person at the legal help center. An appointment with the legal help center may be made by calling 415-782-9000, extension 8657. The Court encourages plaintiff to pursue legal help.

**IT IS SO ORDERED.**

Dated: October 31, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3