IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHAMPION DANIEL MUTHLE,

    Plaintiff,

    v.

SAP.IO, SAP GLOBAL, SAP NORTH AMERICA, ATLAS.IO, RYAN VAN DYK, and JUN MENG,

    Defendants.

No. C 19-06124 WHA

**ORDER RE MOTION TO ADMINISTER, COMPEL, QUASH, AND STRIKE AND SETTING HEARING DATE**

Pro se plaintiff Champion Daniel Muthle requested discovery from defendant SAP.io Fund, L.P. in November 2019 (Dkt. No. 54-1). Three days after receiving plaintiff's discovery request, SAP sent a letter to plaintiff declining to comply with the request (Dkt. No. 54-2). Plaintiff now moves to compel discovery (Dkt. No. 57). The Court orders SAP to produce the following documents:

    1.    Any and all documents in SAP's possession, custody, or control showing that SAP plausibly brought any pressure or duress upon plaintiff, leading up to and including the execution of the settlement and release agreement.

    2.    Any and all emails and correspondences between SAP and its representatives, on one hand, and plaintiff and his representatives, on the other, leading up to the settlement and release agreement.

3. Any and all internal memorandums and emails to file that summarize or describe communications between SAP and its representatives, on one hand, and plaintiff and his representatives, on the other.

If SAP makes any privilege claims for any of the foregoing, then a privilege log must be supplied. Discovery is due to plaintiff by **DECEMBER 2, 2019 BY NOON**. If SAP is expected to win on the motion for summary judgment, it would be well advised for SAP to comply with this Court's order for discovery. Except for the foregoing, all of plaintiff's requests for discovery are hereby quashed because they are unduly burdensome and overbroad. The hearing on the summary judgment motion is hereby set for **JANUARY 23, 2020 AT 8:00 AM.**

Plaintiff's further motion to quash this Court's orders staying the briefing schedule for plaintiff's motion for summary judgment and converting the dismissal motion to SAP's summary judgment motion is **DENIED**, as is his motion to strike the settlement and release agreement (Dkt. Nos. 49, 50).

SAP then filed an administrative motion requesting the following: (1) stay proceedings other than those related to SAP's converted motion for summary judgment pending resolution; (2) strike plaintiff's second opposition to SAP's converted motion for summary judgment or grant SAP leave to file an additional reply; and (3) prohibit plaintiff from filing new motions until after resolution of SAP's converted motion for summary judgment (Dkt. No. 58). *First*, given the above stated, SAP's request for proceedings be stayed is **DENIED AS MOOT**. *Second*, this Court accepts plaintiff's second opposition and hereby **GRANTS** SAP leave to file an additional reply by **DECEMBER 2, 2019 BY NOON**. No more replies may be submitted with the exception that the discovery order by the Court provides discovery relevant to the motion for summary judgment, then the parties may make supplemental submissions to highlight such discovery. *Lastly*, instead of granting the full extent of relief sought by SAP, this order requests plaintiff Muthle to not file additional motions until SAP's summary judgment motion is determined unless plaintiff feels the motion is necessary for proper resolution of SAP's pending summary judgment motion.

Plaintiff, who is proceeding *pro se*, is advised that helpful information is available online at http://cand.uscourts.gov/proselitigants and also in person at the legal help center. An appointment with the legal help center may be made by calling 415-782-9000, extension 8657. The Court encourages plaintiff to pursue legal help.

**IT IS SO ORDERED.**

Dated: November 22, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE