United States District Court
Northern District of California

1

2

3

4

5

6 UNITED STATES DISTRICT COURT

7

8 NORTHERN DISTRICT OF CALIFORNIA

9

10 CHAMPION DANIEL MUTHLE,

11           Plaintiff,                       No. C 19-06124 WHA

12       v.

13 SAP.IO, et al.,                   **PRE-FILING ORDER RE**
**VEXATIOUS LITIGATION**
14           Defendants.

15

16       In this serial trade-secret litigation, defendants prevail (again) and ask for relief from

17 further suit by *pro se* plaintiff Champion Daniel Muthle. The request is **GRANTED**.

18       Prior orders detail the facts of the case (Dkt. No. 42). In brief, pro se plaintiff accuses

19 defendants of infringing his intellectual property. In April 2017, Mr. Muthle disclosed a pitch

20 deck to solicit defendants' investment in his business venture. Defendants released a product

21 shortly after which, plaintiff alleges, was "a virtually identical, mirror-image" of his technology

22 (*ibid.*).

23       In 2018, Mr. Muthle or his counsel (at the time), sent several letters alleging defendants'

24 misappropriation of trade secrets (Dkt. No. 61-1 at 22) culminating in a June 2018 cease and

25 desist letter threating legal action (Dkt. No. 61-4). Defendants filed for declaratory judgment in

26 the Central District of California. *SAP America, Inc. v. Adheat, Inc.*, No. C 18-05764-JFW

27 (Dkt. No. 61-5). The parties settled (Dkt. No. 12-3) and on October 4, 2018, agreed to drop *all*

28 their claims against each other and walk away peaceably (*ibid.*).

1    In June 2019, however, Mr. Muthle sued in Santa Clara County Superior Court, *Muthle v.*

2    *SAP.io, e al.*, No. 19CV349552, and defendants removed to this court (Dkt. No. 1). Because

3    Mr. Muthle did not reference the prior suit or settlement agreement, an October 31 order (Dkt.

4    No. 42) converted Defendants' motion (Dkt. No. 13) to dismiss (which relied on the settlement

5    agreement) into a motion for summary judgment and gave Mr. Muthle the opportunity to take

6    discovery to test the validity of the settlement agreement.

7    Mr. Muthle then filed three oppositions to the motion for summary judgment (Dkt. Nos.

8    16, 44, and 51), a declaration swearing the settlement agreement was invalid because his assent

9    was garnered via duress (Dkt. No. 52), and his own motion for summary judgment (Dkt. No.

10    34). An order dated October 31, 2019 stayed briefing on Muthle's motion for summary

11    judgment (Dkt. No. 40) and a November 22 order denied Muthle's motion to quash the stay

12    and "request[ed] plaintiff . . . not file additional motions until SAP's summary judgment

13    motion is determined unless plaintiff feels the motion is *necessary* for proper resolution of

14    SAP's pending summary judgment motion" (Dkt. No. 59) (emphasis added). Undeterred, Mr.

15    Muthle filed a second motion for summary judgment (Dkt. No. 65) and briefing was again

16    stayed pending resolution of the original motion, by defendants (Dkt. No. 68).

17    At a January 2 case management conference, both Mr. Muthle and counsel for defendants

18    acknowledged the upcoming motion hearing. The January 23 hearing came and went, but Mr.

19    Muthle never appeared. Noting his absence at the scheduled time, 8:00 a.m., the Court delayed

20    calling his case until approximately 9:00 a.m. Mr. Muthle still absent, the Court again waited

21    and called his case shortly after 10:00 a.m., but to no avail. Defendants submitted their motion

22    on the papers, and an order granting summary judgment issued later that day (Dkt. No. 73). At

23    the close of the hearing, defendants requested relief from further suit.

24    Mr. Muthle *himself* triggered the first lawsuit by accusing defendants of trade secret

25    misappropriation. He then sued defendants *again* — for the *same* alleged conduct — in

26    violation of the settlement agreement. And Mr. Muthle's failure to acknowledge the prior suit

27    and settlement in his complaint (taken in his favor as artful drafting and not deceit) bumped him

28    forward to summary judgment where he filed multiple briefs, motions, and had the opportunity

1      to take discovery.  Yet Mr. Muthle failed to appear and prosecute his case when the opportunity

2      was presented.  But, to be clear: the order granting summary judgment and this order are

3      founded on the merits, or more precisely the *lack* of merit, not on Mr. Muthle's failure to appear

4      at the hearing.

5              This order holds Mr. Muthle has had a fair opportunity to bring and have heard his claims

6      for trade-secret misappropriation.  Mr. Muthle shall not file further complaints against any

7      defendant in any state or federal court, arising out of the April 2017 meeting with defendants

8      and alleged intellectual property misappropriation thereafter, without prior approval from the

9      undersigned.

10

11                                  *              *              *

12

13             Just as the undersigned prepared to file this pre-filing order, Mr. Muthle filed an

14     objection (Dkt. No. 75) to the January 23 order granting summary judgment to defendants

15     (Dkt. No. 73).  Mr. Muthle claims he was not informed of the January 23 hearing.

16             This is factually false.  On November 7, Mr. Muthle requested electronic case filing

17     permission (Dkt. No. 45).  A November 12 order granted the request (Dkt. No. 46), and a

18     November 22 order set "[t]he hearing on the summary judgment motion . . . for January 23,

19     2020 at 8:00 am" (Dkt. No. 59) (emphasis omitted).  The electronic filing receipt confirmed a

20     copy of the order was electronically mailed to Mr. Muthle's specified email address.  On

21     December 3, he filed a motion for clarification about the November 22 order (Dkt. No. 64) and

22     the electronic filing description of the motion explicitly referenced the docket number of the

23     prior order.  Mr. Muthle, thus, had notice of the hearing.

24             Even if he did not have actual notice of the hearing, Mr. Muthle was served with notice at

25     the proper email address.  His notice of a new address (Dkt. No. 74) does not undermine the

26     sufficiency of notice sent to the proper address at the time.  Notice regarding the January 23

27     hearing was proper.  The order granting summary judgment (Dkt. No. 73) and this order will

28     stand.

                                                    3

**IT IS SO ORDERED.**

Dated: January 24, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE